IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02455-BNB

ROBERT E. LEWIS JR.,

    Plaintiff,

v.

D.O.C.,
DISTRICT 6 POLICE,
DENVER COUNTY JAIL SHERIFF,
FRANK L. SESSION,
S & S TRANSPORTATION LLC,
JUDGE BIRCH, Room 3E, Case #13MO3675,
PUBLIC DEFENDER'S OFFICE, and
SHERDINA LEWIS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Robert E. Lewis Jr., acting *pro se*, initiated this action by filing a Prisoner Complaint. On September 17, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Lewis to file an Amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland found that Mr. Lewis did not include a clear and concise statement of each asserted claim and did not identify what each Defendant has done to violate his rights. Magistrate Judge Boland also found the Complaint confusing and difficult to understand. For example, Mr. Lewis titled his three claims as "District 6 police," "all on papper [sic]," and "all on papper previos coplaint [sic]." Nothing Mr. Lewis states in support of the three claims describes how each of the named Defendants violated his constitutional

rights.  Mr. Lewis also refers to a letter under "B. Jurisdiction" of the Complaint form that he claims states the facts of the action.  No letter is attached to the Complaint.  Even if Mr. Lewis had attached a letter, he still is required to state his claims in section D of the Complaint form.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The Court agrees that Mr. Lewis failed to comply with Rule 8 and Magistrate Judge Boland's directive to amend was correct.

Since September 17, 2013, Mr. Lewis has filed nine letters or requests in this action.  Mr. Lewis asked for assistance in amending his Complaint in the first two letters he submitted to the Court.  *See* ECF Nos. 8 and 10.  Magistrate Judge Boland denied the requests because stating how each named defendant personally participated in violating his constitutional rights is not so complex that Mr. Lewis would need assistance or to conduct research.  On October 2, 2013, Magistrate Judge Boland granted Mr. Lewis an extension of time to file an Amended Complaint.  The next seven filings Mr.

Lewis submitted to the Court, after the extension of time was granted, are identified as either evidence, additional claims, or a request for a change of venue. ECF Nos. 12-18. None of these filings are submitted on a Court-approved form or comply with Fed. R. Civ. P. 8. Therefore, the action will be dismissed because Mr. Lewis has failed to comply with the September 17, 2013 Order within the time allowed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Lewis files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Lewis failed to comply with a Court order. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  13th  day of     November      , 2013.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court